IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  CAUSE NO. 1:16CR51-LG-JCG-1

**RAMIRO HERNANDEZ**

ORDER DENYING MOTION FOR COMPASSIONATE
RELEASE FILED BY RAMIRO HERNANDEZ

**BEFORE THE COURT** is the [14] Motion for Compassionate Release filed by the defendant Ramiro Hernandez. The Government filed a response in opposition to the Motion, and Hernandez, by and through appointed counsel, filed a reply. After reviewing the submissions of the parties, the record in this matter and the applicable law, the Court finds that the Motion for Compassionate Release should be denied.

BACKGROUND

In the United States District Court for the Southern District of Texas, Hernandez pled guilty to one count of conspiracy to possess with intent to distribute 207.07 kilograms of marijuana in violation of 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(B).[1] On July 7, 2010, he was sentenced to sixty months of imprisonment and four years of supervised release.

Jurisdiction over Hernandez's supervised release was transferred to this Court on July 21, 2016, after he was found to be in possession of 15.9 kilograms of

---

[1] The Cause Number for Hernandez's 2010 conviction is 2:10cr00063-003.

cocaine in violation of 21 U.S.C. § 841(a)(1). It was also determined that Hernandez had left the Southern District of Texas without the permission of the Court or probation officer and traveled to Gulfport, Mississippi. After the transfer of jurisdiction, the case was assigned cause number 1:16cr51-LG-JCG-1. A separate cause number, 1:16cr24-HSO-RHW-001, was opened for the charge of conspiracy to possess with intent to distribute a controlled substance and other charges that arose out of Hernandez's arrest on July 21, 2016.

Hernandez's supervised release was revoked by this Court on September 19, 2016, and he was sentenced to thirty-six months of imprisonment to be served consecutively to the term of imprisonment imposed in cause number 1:16cr24-HSO-RHW-001. In cause number 1:16cr24-HSO-HW-001, Hernandez pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. § 846. On September 26, 2016, the Court sentenced him to 200 months of imprisonment and sixty months of supervised release. According to the Federal Bureau of Prisons website, Hernandez's expected release date is December 20, 2032.

Hernandez, who is currently forty-three years old, now seeks compassionate release pursuant to 18 U.S.C. § 3582(c). He asks the Court to reduce his sentence to time served and to place him on supervised release. He asserts that he is at high risk of developing complications from COVID-19 due to Hepatitis A,[2] "PPD-

---

[2] According to the Centers for Disease Control (CDC), "Hepatitis A is a vaccine-preventable liver infection caused by the hepatitis A virus (HAV). . . . Symptoms of hepatitis A can last up to 2 months and include fatigue, nausea, stomach pain, and

tuberculosis"[3], obesity, and a history of tobacco abuse. He also notes that he is at high risk for diabetes, and he has been suffering from headaches since he tested positive for COVID-19 on November 7, 2020. He claims that he poses no risk of violence to the community, and he has taken seventy-three courses and programs "to better himself and prepare . . . to return to being a productive citizen." (Mot. at 7, ECF No. 14). He also points out that he has worked for the last year at UNICOR at FCI Beaumont-Low, sewing camouflage combat pants for the United States Army. He has submitted a proposed release plan in which he claims that he would reside with his brother, sister-in-law, and their minor child in Mission, Texas, if he is granted compassionate release. He further states that he has secured post-release employment as a welder and diesel mechanic at RSC Carriers, LLC in Edinburg, Texas.

## DISCUSSION

Congress has dictated that a prisoner seeking compassionate release must prove that (1) an "extraordinary and compelling reason" justifies the sentence reduction; (2) the relief sought is consistent with the Sentencing Commission's applicable policy statements; and (3) the 18 U.S.C. § 3553(a) sentencing factors

---

jaundice. Most people with hepatitis A do not have long-lasting illness." *See* Viral Hepatitis, https: //www.cdc.gov/hepatitis/hav/ index.htm (last visited Sept. 8, 2022). The most recent reference to hepatitis A in Hernandez's medical records is dated November 2016.
[3] Hernandez's medical records refer to a "nonspecific reaction to tuberculin skin test" on September 18, 2006. (Gov.'s Resp., Ex. B at 110, ECF No. 21).

weigh in favor of the requested relief. 18 U.S.C. § 3582(c)(1)(A).[4]  However, the Sentencing Commission has not issued a policy statement since the First Step Act amended § 3582 to allow prisoners, not just the BOP, to file compassionate-release motions.  *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021).  Since no applicable policy statement currently exists for prisoner-filed motions, a prisoner who files a compassionate-release motion must show only that (1) an "extraordinary and compelling" reason for relief exists and (2) a sentence reduction would be consistent with the § 3553(a) sentencing factors.  *Id.* at 392-93.

According to the CDC, tuberculosis, obesity, and a history of tobacco use can make persons more likely to get very sick from COVID-19.  *See* COVID-19: People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 8, 2022).  However, there is no mention on the CDC website of a similar risk for persons diagnosed with hepatitis A; only autoimmune hepatitis, hepatitis B, and hepatitis C are discussed.  *See id.*; *see also* Science Brief: Evidence Used to Update the List of Underlying Medical Conditions Associated with Higher Risk for Severe COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/underlying-evidence-table.html (last visited Sept. 8, 2022).

The Fifth Circuit has held that "[f]ear of COVID doesn't automatically entitle a prisoner to release." *United States v. Thompson*, 984 F.3d 431, 435 (5th Cir.

---

[4] The parties do not dispute that Hernandez has fully exhausted all administrative remedies as required by 18 U.S.C. § 3582(c).

2021). Courts that have granted compassionate release based on the pandemic "largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns." *Id.* at 434-35. His medical records reflect that Hernandez is relatively healthy, and he has received two doses of the Pfizer COVID-19 vaccine. He is incarcerated at FCI Beaumont-Low, where only three inmates and one staff member are currently suffering from COVID-19. *See* Federal Bureau of Prisons: COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited Sept. 8, 2022). Under these circumstances, Hernandez has not demonstrated that the COVID-19 pandemic constitutes extraordinary and compelling circumstances that could justify a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A)(i).

Even if Hernandez had presented evidence of an extraordinary and compelling reason under Section 3582(c)(1)(A), the Section 3553(a) factors weigh in favor of denying compassionate release. Hernandez is a career offender. He has been convicted of conspiracy to possess with intent to distribute a controlled substance on three occasions. The first conviction concerned methamphetamine; the second conviction concerned marijuana; and the third involved cocaine hydrochloride. Hernandez has served less than half of his current sentence.

A reduction in sentence to time served would not reflect the serious nature of Hernandez's crime, provide a just punishment, or deter similar conduct in the future. *See* 18 U.S.C. § 3553(a)(2). The Court also finds that a reduction in sentence would not sufficiently protect the public from further criminal conduct by

Hernandez because he has violated the terms of supervised release on two prior occasions.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [14] Motion for Compassionate Release filed by the defendant Ramiro Hernandez is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 8th day of September, 2022.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE